**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re | ) | Case No. 18-27039-E-13 |
| | ) | |
| NADIA KLOSTYUK, | ) | |
| | ) | DATE: January 29, 2019 |
| | ) | TIME: 1:30 p.m. |
| Debtor. | ) | DEPT: E |
| | ) | |

**DECISION EXTENDING THE INTERIM AUTOMATIC STAY PURSUANT
TO 11 U.S.C. § 362(c)(4)(B) FOR ALL PARTIES
(INCLUDING BBV PROFIT SHARING PLAN)
FOR
ALL PURPOSES THROUGH AND INCLUDING FEBRUARY 8, 2019,
UNLESS TERMINATED BY FURTHER ORDER OF THE COURT
AND
SETTING FURTHER HEARING FOR 1:30 P.M. ON JANUARY 29, 2019**

In this third Chapter 13 Case filed by Debtor Nadia Kostyuk ("Third Bankruptcy Case"), the Debtor and her non-debtor husband, have sought relief from the court in the form of a Motion titled "Motion to Set Aside Trustee Sale; Motion by Debtor For an Order Obtaining and Imposing the Automatic stay Pursuant to 11 U.S.C. § 362(c)(4)(B)." Motion, Dckt. 11. The court addresses the Motion and relief requested below.

In the two hearings conducted to date, the court first attempted to elicit from Debtor and Debtor's counsel a contention as to how it could be alleged that the foreclosure sale conducted by/for BBV Profit Sharing Plan was in violation of the stay and void. Absent that, the court attempted to have the Debtor explain how she was actively prosecuting an action to set aside the sale (not something that the court could do on the present motion) and how she would use the automatic stay as part of a bankruptcy plan (including providing an required adequate protection, 11 U.S.C. § 361, for a creditor or asserted property owner's whose rights were being impeded by the automatic

stay).  At the December 4, 2018 hearing on the Motion, Debtor's counsel offered little more than a discussion that Debtor's husband was interviewing attorneys, that they could proceed with litigation, and that all Debtor thought she would have to do is show the court that she was "prosecuting a plan."  A proposed amended plan was filed on November 29, 2018, which treats BBV as a creditor in Class 1, makes no provision for paying the obligation secured by the senior deed of trust on the property that secured/secures the BBV obligation, and does not incorporate any active litigation to set aside the foreclosure sale.

Based on what was presented, the court concluded that the automatic stay would stay imposed for all creditors, except BBV.

After the hearing, and cognizant of the direction of the United States Supreme Court in *United Student Air Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) for the federal trial court to "get the law right" even if the parties do not, the court reviewed the law as enacted by Congress.

Based on that review, as discussed below, the court has determined that further extension of the automatic stay as to all persons, including BBV is warranted, to protect possible property of the bankruptcy estate.  Further, if the foreclosure sale and deed issued thereon is void as a matter of federal law, it is necessary for this court to address that issue before future purchasers, lenders, beneficiaries, and grantees acquire what may be void interests – subjecting them and the judicial system to a series of otherwise avoidable law suits and diversion of federal and state judicial resources.

**TERMINATION OF AUTOMATIC STAY IN PRIOR CASE**

As discussed below Debtor (who is identified as having limited English language skills) has stumbled now into her third bankruptcy case that has been pending in the past twelve months, with two prior cases dismissed within that period of time.  When this case was filed, by operation of law, no automatic stay went into effect for the Debtor or any property of this bankruptcy estate.  11 U.S.C. § 362(c)(4)(A).

The immediately prior case (Second Case) was filed on August 28, 2018.  Ch 13 Case No. 18-25398.  Due to the failure to timely file a plan (which Debtor's counsel asserts was based on a computer/email error), the Second Case was dismissed on September 17, 2018.

As set forth in the Motion, on November 9, 2018, a nonjudicial foreclosure sale was conducted for BBV for the obligation it was owed by Debtor and Debtor's husband that was secured by a junior deed of trust on the Property commonly known as 6500 Auburn Folsom Road, Granite Bay, California.  Debtor lists this property on Amended Schedule A/B as having a value of $750,000.  Dckt. 37 at 1.  On Schedule D Debtor lists there being two claims secured by the Property: (1) $392,601 secured by a first deed of trust, and (2) $113,790 for the BBV obligation secured by a second deed of trust.  Using gross numbers, Debtor asserts that there is approximately $250,000 of equity in the property for the bankruptcy estate.

BBV has clearly stated its opposition to the Motion, both orally at the emergency hearing, in writing (Dckt. 50), and at the December 4, 2018 continued hearing.  As set forth in the Response, BBV asserts that the Second Bankruptcy Case was dismissed, the foreclosure sale was conducted for BBV on November 9, 2018 (with the trustee's deed recorded on November 14, 2018), and though Debtor commenced the current bankruptcy case on November 8, 2018, no order imposing the stay was obtained pursuant to 11 U.S.C. § 362(c)(4)(B) until November 20, 2018.

**Creation and Termination of the Automatic Stay**
**in the Second Bankruptcy Case**

As provided in 11 U.S.C. § 362(a), the automatic stay arises, automatically, upon the filing of a bankruptcy petition:

> (a)  Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of– [enumerating the automatic stay that applies to the debtor and separately to property of the bankruptcy estate]

Though no reference is made in 11 U.S.C. § 362(a), Congress created another limitation in 2005 to the automatic stay arising upon the filing of a bankruptcy petition, imposing the "non-automatic" imposition of the stay in 11 U.S.C. § 362(c)(4)(A), the section that has been the focus of the arguments in this Third Bankruptcy Case.

In the Second Bankruptcy Case, the automatic stay automatically went into effect when that case was filed, the exception provided in 11 U.S.C. § 362(c)(4)(A) not being applicable to the Second Bankruptcy Case.

1      Because of the compact time period in which the bankruptcy cases were filed, dismissed, and

2  the foreclosure occurring, the court paused to consider the case administration time line and the

3  termination provisions for the automatic stay.

4      Congress provides in 11 U.S.C. § 362(c) for the termination of the automatic stay as to the

5  debtor and termination of the automatic stay as to property of the bankruptcy estate (recognizing that

6  the "stay" is not a one size fits all stay, but Congress has specified different scopes of the automatic

7  stay to the debtor and others to property of the bankruptcy estate in 11 U.S.C. § 362(a)) upon

8  specified events.  11 U.S.C. § 362(c) provides (as relevant to a Chapter 13 case):

9      (c)  Except as provided in subsections (d), (e), (f), and (h) of this section--

10     (1)  the stay of an act against property of the estate under subsection (a) of this
       section continues until such property is no longer property of the estate;
11
       (2)  the stay of any other act under subsection (a) of this section continues until the
12     earliest of--
       (A)  the time the case is closed;
13
       (B)  the time the case is dismissed; or [provision tied to entry of discharge in
14     Chapter 7 case]

15 Here, Congress provides that for property of the bankruptcy estate, the automatic stay continues until

16 the property is no longer property of that bankruptcy estate.  This provision of law is discussed in

17 Collier on Bankruptcy, 16th Edition, ¶ 362.06[1] as follows (emphasis added):

18
       [1] Acts Against Property; § 362(c)(1)
19
              In the case of an **act against property of the estate, the stay continues until
20     the property is no longer property of the estate**. This may occur because the
       property is **sold, abandoned or returned to the debtor as exempt property, or
21     because a plan is confirmed**. Because property that the debtor fails to list on the
       bankruptcy schedules is not abandoned and remains property of the estate, the
22     automatic stay may apply to such property even after the case is closed.

23 From the file in the Second Bankruptcy case one knows that the Property that was the subject of the

24 foreclosure sale was not sold, was not returned to the Debtor as exempt property, and there was not

25 a confirmed plan.  That leaves "abandoned" from the bankruptcy estate.

26     Congress provides for abandonment of property of the bankruptcy estate in 11 U.S.C. § 554,

27 which states (emphasis added):

28 / / /

4

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered **at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350** of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

There is was no motion by the trustee or Debtor in the Second Case, nor a request by another party in interest for abandonment of the Property, so 11 U.S.C. § 554(a) and(b) do not apply. That leaves 11 U.S.C. § 554(c) which provides that property scheduled in the case (which this Property was in the Second Bankruptcy Case - Schedule A/B; 18-26000, Dckt. 1 at 10), is abandoned by operation of law "at the time of the closing of a case" (not the dismissal of the case).

The administration of the Second Bankruptcy Case and the conducting of the November 8, 2018 foreclosure sale are outlined as follows:

Second Bankruptcy Case Filed...........................September 23, 2018[1]

Second Bankruptcy Case Dismissed...................October 12, 2018[2]

BBV Nonjudicial Foreclosure Sale Conducted................................November 8, 2018

Second Bankruptcy Case Closed, Property Abandoned From the Bankruptcy Estate to Debtor and Automatic Stay as to Property of the Bankruptcy Estate in the Second Case Terminated...............November 21, 2018[3]

Based on the above and operation of law as provided in 11 U.S.C. § 362(c)(1) and §354(c), when the November 8, 2018 foreclosure sale occurred, the Property was still property of the bankruptcy estate in the second bankruptcy case. It was not until November 21, 2018, that the

---

[1] 18-26000; Petition Filed, Dckt. 1.

[2] *Id.*; Order Dismissing, Dckt. 13.

[3] *Id.*; Order Closing Second Bankruptcy Case, Dckt. 21.

property was abandoned from the bankruptcy estate in the Second Bankruptcy Case to the bankruptcy estate in the current Third Bankruptcy Case.

In the Ninth Circuit, the law is clear that acts taken in violation of the automatic stay are void, not merely voidable.

> In fact, the automatic stay provision is so central to the functioning of the bankruptcy system that this circuit regards judgments obtained in violation of the provision as void rather than merely voidable on the motion of the debtor. *See [In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992)]*. Courts regularly void state court default judgments against debtors when the judgments are obtained in violation of the automatic stay provision, even, where the debtor filed for bankruptcy in the midst of the state court proceedings. *See, e.g., In re Fillion*, 181 F.3d 859, 861 (7th Cir. 1999); In re Graves, 33 F.3d 242, 247 (3d Cir. 1994).

As earlier stated, the Ninth Circuit addressed the significance of the automatic stay to bankruptcy proceedings. *Schwartz v. United States of America (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992), (Emphasis in original),

> Our decision today clarifies this area of the law by making clear that violations of the automatic stay are void, not voidable. *See In re Williams*, 124 Bankr. 311, 316-18 (Bankr. C.D. Cal. 1991) (recognizing that the Ninth Circuit adheres to the rule that violations of the automatic stay are void and criticizing the BAP decision in this case) . . .

> > The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. *It stops all collection efforts, all harassment, and all foreclosure actions*. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97 (emphasis added).

Based on the information provided by the parties, the purported foreclosure sale on November 8, 2018 was void as being in violation of the automatic stay in the Second Bankruptcy Case. In the present case, while no stay went into effect on filing, the stay has now been imposed on an interim basis. The stay in this case now continues to apply to the property of this bankruptcy estate, which include the Property securing the BBV claim (if the foreclosure was void, BBV still

/ / /

/ / /

/ / /

1   enjoys its secured claim in this case).[4]

2          Therefore, upon consideration of the law as enacted by Congress, the facts presented by the

3   parties, and the files in this and the Second Bankruptcy Case, the court extends the stay imposed in

4   this case through and including February 8, 2019, with a further hearing on this Motion being

5   conducted at 1:30 p.m. on January 29, 2019.

**Adequate Protection and Interests of
the Bankruptcy Estate**

8          Based on the information provided, there appears to be a substantial value in the property

9   well in excess of the BBV claim that it sought to foreclose on.  The court, due to the holiday

10  schedule and impacted calendars in January 2019, as well as to afford the parties adequate time to

11  address the automatic stay issues, needed to set this for hearing in the end of January 2019.  For that

12  modest delay, it appears that BBV's interests are protected.

13          Interests of the Bankruptcy Estate

14         As expressed at the hearing, the court has concerns with Debtor and her husband's ability

15  to prosecute a bankruptcy case and serve as the fiduciary for the bankruptcy estate (in lieu of a

16  trustee in a Chapter 13 case).  Here, but for the court's pause caused by the edict from the U.S.

17  Supreme Court, Debtor, her husband, and counsel would appear to be ignoring the effect of the

18  automatic stay and what appears to be a void nonjudicial foreclosure sale, and not able to articulate

19  such grounds to the court.

20         When pressed, much of the grounds asserted by Debtor's counsel has been that creditor and

21  creditor's representative have not been nice, have been rude, and have been unwilling to voluntarily

22  postpone the foreclosure sale.  Debtor, Debtor's husband, and counsel (for two of the cases) have

23  not presented the court with the active prosecution and protection of the bankruptcy estate's rights.

24  / / /

---

27         [4]  There appears that a even more nuanced issue may exist with respect to the property
    and the co-debtor stay that arises under 11 U.S.C. § 1301, not 11 U.S.C. § 362.  Depending on
    the further analysis of the parties and their counsel, the court is confident that if relevant, it will
28  be addressed in future pleadings.

On Amended Schedule D the Debtor lists two creditors. Dckt. 28. On Schedule E/F Debtor lists no creditors. Dckt. 1 at 19. In the Second Bankruptcy Case Debtor listed twelve creditors on Schedule E/F. 18-26000; Dckt. 1 at 19-23.

Whether there are other creditors or this is a two party dispute: Debtor and her husband v. BBV, it appears that as a matter of federal (supreme law of the land) law the purported nonjudicial foreclosure sale deed is void. If parties act in reliance on the void deed, there could well be a cascade of financial loss and litigation. Then, if either the debtor or her husband file a future case, the bankruptcy trustee in that case would step up to assert the void deed, landing the morass of litigation in the lap of a federal judge. Such void deed and potential for fomenting otherwise unnecessary litigation cannot be ignored.

At this point, the Chapter 13 Trustee and the U.S. Trustees are parties in interest who can step forward and assess Debtor and her counsel's ability to prosecute the case. If they are confident that such can be done, they can say. If they believe a trustee is necessary and the case should be converted, they have standing to so do.

In setting the Motion for further hearing and briefing by the parties in interest, it affords time for the Chapter 13 Trustee and U.S. Trustee to conduct a further review and weigh in on how to proceed to address this situation and apparently void deed.

**REVIEW OF MOTION AND PRIOR HEARINGS**

On November 8, 2018, Nadia Kostyuk, the Chapter 13 Debtor ("Debtor"), commenced this bankruptcy case. Ms. Kostyuk has filed two recent prior bankruptcy cases, which are:

| Chapter 13 Case 18-26000 Represented by Counsel | Filed: September 23, 2018 Dismissed: October 12, 2018 |
|---|---|
| Chapter 13 Case 18-25398 In *Pro Se* | Filed: August 28, 2018 Dismissed: September 17, 2018 |

In case 18-26000 Debtor was represented by the same counsel as in the present bankruptcy case.

/ / /

/ / /

8

**Motion to Shorten Time**

On November 14, 2018, the Debtor filed a Motion to Shorten Time for hearing on Debtor's Motion for the substantive relief discussed below. Dckt. 10. Debtor requests the court conduct a hearing on November 20, 2018, because Debtor is seeking to have the court impose the automatic stay in this case pursuant to 11 U.S.C. §362(c)(4)(B). There are stated to be a number of "threatened" state court actions relating to a non-judicial foreclosure sale which occurred on November 9, 2018, one day after the current bankruptcy case was filed.

The court issued an Order granting the Motion To Shorten Time on November 15, 2018. Order, Dckt. 16.

**Motion to Set Aside Trustee Sale &
Motion to Impose Automatic Stay**

On November 14, 2018, Debtor filed a multifaceted pleading titled "Notice of Motion and Motion to Set Aside Trustee Sale; Motion by Debtor for an Order Obtaining and Imposing the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B), Memorandum of Points and Authorities, Declaration of Julia M. Young, Declaration of Nadia Kostyuk, and Declaration of Alex Kostyuk." Dckt. 11.

The Motion requests the court impose and extend the automatic stay in this case, as well as set aside a trustee sale that took place on November 9, 2018.

**NOVEMBER 20, 2018 HEARING**

At the hearing, Debtor's husband and Debtor's counsel stated their pleas that the foreclosure sale should be set aside. Initially, Debtor's counsel stated that if the court imposed the stay it would relate back to the commencement of the case and render the sale void. The court reviewed the provision of 11 U.S.C. § 362(c)(4)(C), which was included in the court's tentative ruling posted for review the day before the hearing, and that the stay imposed under § 362(c)(4)(B) is effective from the day imposed, not the commencement of the case.

The court discussed the use of the automatic stay in lieu of a state court or federal court injunction, and the requirement for the Debtor to fund an adequate protection/claim payment fund that would serve in the place of an injunction bond. Additionally, the court reviewed the

Debtor's need to prosecute (whether in the state court, district court, or adversary proceeding in this court) whatever claims it believes provide for avoiding the foreclosure sale. (Debtor's counsel, without citation to any legal authority, suggested that this court, on motion, could avoid the sale since it was "unfair" in light of the purported equity in the property.)

As discussed by the court at the hearing, imposition of an interim stay that will delay Creditor for several weeks in acting on its trustee's deed will be of little negative impact on Creditor. However, it may well be the difference between Debtor acting to enforce any rights Debtor may have and Debtor continuing in what appears to be a downward spiral of loss.

The court addressed with Debtor's counsel the need to present how the Debtor will be prosecuting this case, including a Chapter 13 Plan, consistent with the Bankruptcy Code if the court will further extend the stay. A bankruptcy case does not exist, and is not being properly prosecuted if it exists merely to obtain a stay (which may not actually apply to Creditor) and not otherwise diligently prosecute the case.

**November 26, 2018 Order &**
**Amended Order**

After the November 20, 2018, hearing  the court issued an Order granting the Motion on an interim basis, and imposed the stay effective through 11:59 p.m. on December 14, 2108 unless terminated by operation of law or further order of this court, or further extended by the court. Order, Dckt. 33. The court denied without prejudice the Debtor's request to set aside the trustee's sale. Order, Dckt. 33, 34. The court further continued the hearing on the Motion to December 4, 2018, and Ordered Debtor to file supplemental pleadings on or before December 30, 2018. *Id*.

The court issued an Amended Order on November 28, 2018, revising the Order to require supplemental pleadings be filed on or before November 29, 2018. Order, Dckt. 34

**Applicable Law**

When stay has not gone into effect pursuant to 11 U.S.C. § 362(c)(4), a party in interest may request within 30 days of filing that the stay take effect as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the

/ / /

party in interest demonstrates that the filing of the later case is in good faith as to the creditors to

be stayed. 11 U.S.C. § 362(c)(4)(B).

For purposes of subparagraph (B), a case is presumptively filed not in good faith as to all
creditors if:

> (I) 2 or more previous cases under this title in which the individual was a
> debtor were pending within the 1-year period;
>
> (II) a previous case under this title in which the individual was a debtor
> was dismissed within the time period stated in this paragraph after the debtor
> failed to file or amend the petition or other documents as required by this title or
> the court without substantial excuse (but mere inadvertence or negligence shall
> not be substantial excuse unless the dismissal was caused by the negligence of the
> debtor's attorney), failed to provide adequate protection as ordered by the court,
> or failed to perform the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the financial or personal
> affairs of the debtor since the dismissal of the next most previous case under this
> title, or any other reason to conclude that the later case will not be concluded, if a
> case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with
> a confirmed plan that will be fully performed; . . .

11 U.S.C. § 362(c)(4)(D).

In determining if good faith exists, the court considers the totality of the circumstances.
*In re Elliot-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006); *see also* Laura B. Bartell, *Staying
the Serial Filer - Interpreting the New Exploding Stay Provisions of § 362(c)(3) of the
Bankruptcy Code*, 82 Am. Bankr. L.J. 201, 209–10 (2008). An important indicator of good faith
is a realistic prospect of success in the second case, contrary to the failure of the first case. *See,
e.g.*, *In re Jackola*, No. 11-01278, 2011 Bankr. LEXIS 2443, at *6 (Bankr. D. Haw. June 22,
2011) (citing *In re Elliott-Cook*, 357 B.R. 811, 815–16 (Bankr. N.D. Cal. 2006)). Courts
consider many factors—including those used to determine good faith under §§ 1307(c) and
1325(a)—but the two basic issues to determine good faith under § 362(c)(3) are:

A.    Why was the previous plan filed?

B.    What has changed so that the present plan is likely to succeed?

*In re Elliot-Cook*, 357 B.R. at 814–15.

/ / /

///

**Review of Supplemental Pleadings and Plan**

Supplemental Pleadings were filed by the Debtor on November 29, 2018. These Supplemental Pleadings are considered by the court in evaluating the extent to which Debtor has been able to rebut the presumption of bad faith in the filing of this third bankruptcy case in the past year. 11 U.S.C. § 362(C)(4)(b).

Debtor's Chapter 13 Plan has been filed, which terms are summarized as follows:

A.    The Plan payments are one lump sum payment of $10,000 in month one of the Plan and then payments of $2,000 a month for each of the remaining fifty-nine months of the Plan.

B.    For Class 1 Claims, no monthly payments will be made on the claim of Capital Mortgage and a $1,759.00 a month post-petition payment will be made on the Mortgage Lender Services' secured claim (for which there is no stated Class 1 arrearage to be cured).

C.    There are no Class 2, 3, or 4 secured claims provided for in the Plan.

D.    There are no Class 5, 6, or 7 priority, special treatment, or general unsecured claims to be paid for through the Plan.

E.    There are no other provisions for payment of claims, providing adequate protection payments, or prosecuting claims and rights of the estate (including the alleged right to set aside a foreclosure sale).

Chapter 13 Plan, Dckt. 46.

An Amended Petition, Amended Schedules, and Amended Statement of Financial Affairs have been filed several times. Dckts. 47, 48. Included in the refilings is a "Chapter 13 Plan - Amended." Dckt. 48 at 1-8. The terms of the "Amended Plan" are the same as the above reviewed plan.

On November 29, 2018, the Debtor filed a pleading titled "Supplemental Motion to Continue the Automatic Stay." Dckt. 49. This appears to be a supplement to the existing motion now before the court to impose the stay - which has been imposed on an interim basis. The grounds advanced by Debtor in this Supplemental Pleading are:

A.    Debtor's only creditor is BBV Profit Sharing Plan ("BBV"), the obligation of Debtor and her husband owing to BBV secured by the junior deed of trust on Debtor's residence.

B.     Debtor is current on the payments due on the claim secured by the senior deed of trust on Debtor's residence.

C.     Debtor has sufficient income to pay the obligation owed to BBV secured by the junior deed of trust through a Chapter 13 Plan.

D.     The Amended Chapter 13 Plan provides for paying BBV $10,000 in the first month of the plan and then $2,000 a month for the remaining fifty-nine months of the Plan.

As noted in the summary above, no provision is made for paying BBV $10,000 in the first month and then $2,000 a month for fifty-nine months. The only provision is for paying Mortgage Lender Services $1,759.00 a month.

E.     The Debtor is identified as working as a caregiver and is also the president of her own real estate company, Nako Investments.

F.     The Supplemental Pleading then misstates the provisions of 11 U.S.C. § 362(c)(4)(A), asserting that it "limits the automatic stay to thirty days after the filing of the later case when the Debtor has filed two or more single or joint cases that have been dismissed without prejudice within the past year."

As discussed at the prior hearing, the provisions of 11 U.S.C. § 362(c)(c)(4)(A) state:

(4) (A) (I) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), **the stay under subsection (a) shall not go into effect upon the filing of the later case**;

11 U.S.C. § 362(c)(4)(A) [emphasis added]. Contrary to what is stated in the Supplemental Pleadings, 11 U.S.C. § 362(c)(4)(A) provides that there in no automatic stay that goes into effect upon the filing of a bankruptcy case when two prior cases were pending and dismissed in the one year period preceding the filing of the then current case.

G.     Debtor needs bankruptcy relief to pay the obligation to BBV because it came due in full in December 2017, and Debtor and her husband have been unsuccessful in negotiating with BBV to agree to extend the payment terms.

On the latest Amended Schedule I filed by Debtor (Dckt. 41 at 1-2) Debtor states that her income and her husband's income consists of the following:

A.     Debtor's Gross Wage Income....................................$2,451.00

B.     Debtor's Net Income From Her Business.................$7,653.13

C.     Debtor's Husband's Wage Income............................$2,545.00

No provision made for any federal, state, or self-employment taxes is shown on Amended

13

Schedule I.

On the Statement of Financial Affairs Debtor states that she has been operating her business, Nako Investment Corp., since June 2014. Statement of Financial Affairs Question 27, Dckt. 41 at 6. It is not clear if Debtors "business income" is in the form of wages, commissions, dividends, or profit distributions (if a Sub-Chapter S corporation).

While stating that Debtor has the business Nako Investment Corp. which is generating more that $85,000 a year in income for Debtor, she does not list the stock of Nako Investment Corp. as an asset on Schedule A/B. Schedule A/B Question 19, Dckt. 37 at 4.

On Amended Schedule J, *Id.* at 35-36, Debtor lists the reasonable and necessary expenses for a family unit of four persons: Debtor, Debtor's spouse, teenage son, and Debtor's mother (for whom no income or contribution is shown on Amended Schedule I). No provision is made on Schedule J for the payment of federal or state income or self-employment taxes. On Amended Schedule J Debtor states that the family unit of four has no medical or dental expenses, and transportation expenses of $50 a month.

The court notes that in her prior bankruptcy case, Debtor stated under penalty of perjury that her monthly net business income was $3,000.00. 18-26000; Schedule I, Dckt. 1 at 28. That Schedule I was filed on September 24, 2018, two months before the Amended Schedule I in this case was filed.

**Dated:** December 06, 2018            **By the Court**

Ronald H. Sargis, Judge
United States Bankruptcy Court

14

1
2

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

3
4

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

5
6
7
8
9
10
11
12

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| BBV Profit Sharing<br>c/o The Fuller Law Firm, P.C.<br>Joyce K. Lau<br>60 No. Keeble Ave.<br>San Jose, CA 95126 | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28