*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| In re<br><br>NADIA KOSTYUK,<br><br>　　　　　　　　　Debtor. | Case No. 18-27039-E-13 |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM OPINION AND DECISION**
**FOR FINAL ORDER IMPOSING AUTOMATIC STAY PURSUANT**
**TO 11 U.S.C. § 362(c)(4)(B) FOR ALL PARTIES,**
**EXCLUDING BBV PROFIT SHARING PLAN**

In this third Chapter 13 Case filed by Debtor Nadia Kostyuk ("Third Bankruptcy Case"), the Debtor and her non-debtor husband, have sought relief from the court in the form of a Motion titled "Motion to Set Aside Trustee Sale; Motion by Debtor For an Order Obtaining and Imposing the Automatic stay Pursuant to 11 U.S.C. § 362(c)(4)(B)." Motion, Dckt. 11. The court addresses the Motion and relief requested below.

**Correction of Court's Clerical Error**

As an initial matter, the court's clerical error on December 6, 2018, may have caused a brief bit of confusion (and possible consternation) for the parties. Fortunately, the court's clerical error was quickly caught and rectified. The clerical error was the use of the wrong draft ruling form of decision and order which were then erroneously signed and filed on the docket on December 6, 2018. The court corrected the court's error in signing the wrong decision and order form. The

Decision below is consistent with the decision as stated at the hearing on December 4, 2018.[1]

## REVIEW OF MOTION AND PRIOR HEARINGS

On November 8, 2018, Nadia Kostyuk, the Chapter 13 Debtor ("Debtor"), commenced this bankruptcy case. Ms. Kostyuk has filed two recent prior bankruptcy cases, which are:

| | |
|---|---|
| Chapter 13 Case 18-26000 ("Second Bankruptcy Case") Represented by Counsel | Filed: September 23, 2018<br><br>Dismissed: October 12, 2018 |
| Chapter 13 Case 18-25398 In *Pro Se* | Filed: August 28, 2018<br><br>Dismissed: September 17, 2018 |

In case 18-26000 Debtor was represented by the same counsel as in the present bankruptcy case.

BBV Profit Sharing Plan, a 401K Deferred Compensation Retirement Plan ("BBV) has imposed the imposition of the automatic stay. BBV asserts that it is the creditor who had a nonjudicial foreclosure sale conducted for the real property commonly known as 6500 Auburn Folsom Road, Granite Bay, California (the "Property"), and that BBV was the successful purchaser of the Property at said nonjudicial foreclosure sale.

**Motion to Shorten Time**

On November 14, 2018, the Debtor filed a Motion to Shorten Time for hearing on Debtor's Motion for the substantive relief discussed below. Dckt. 10. Debtor requests the court conduct a hearing on November 20, 2018, because Debtor is seeking to have the court impose the automatic stay in this case pursuant to 11 U.S.C. §362(c)(4)(B). There are stated to be a number of "threatened" state court actions relating to a non-judicial foreclosure sale which occurred on November 9, 2018, one day after the current bankruptcy case was filed.

The court issued an Order granting the Motion To Shorten Time on November 15, 2018.

---

[1] To be clear, the court (judge) follows his own "advice" to counsel and parties - human beings make mistakes, acknowledge them, act to correct them, and don't blame others. The court - the judge - owns up to and acknowledges his own clerical error in using the wrong drafts in generating the decision and order documents.

2

Order, Dckt. 16.

**Motion to Set Aside Trustee Sale &**
**Motion to Impose Automatic Stay**

On November 14, 2018, Debtor filed a multifaceted pleading titled "Notice of Motion and Motion to Set Aside Trustee Sale; Motion by Debtor for an Order Obtaining and Imposing the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B), Memorandum of Points and Authorities, Declaration of Julia M. Young, Declaration of Nadia Kostyuk, and Declaration of Alex Kostyuk." Dckt. 11.

The Motion requests the court impose and extend the automatic stay in this case, as well as set aside a trustee sale that took place on November 9, 2018.

**November 20, 2018 Hearing**

At the hearing, Debtor's husband and Debtor's counsel stated their pleas that the foreclosure sale should be set aside. Initially, Debtor's counsel stated that if the court imposed the stay it would relate back to the commencement of the case and render the sale void. The court reviewed the provision of 11 U.S.C. § 362(c)(4)(C), which was included in the court's tentative ruling posted for review the day before the hearing, and that the stay imposed under § 362(c)(4)(B) is effective from the day imposed, not the commencement of the case.

The court discussed the use of the automatic stay in lieu of a state court or federal court injunction, and the requirement for the Debtor to fund an adequate protection/claim payment fund that would serve in the place of an injunction bond. Additionally, the court reviewed the Debtor's need to prosecute (whether in the state court, district court, or adversary proceeding in this court) whatever claims it believes provide for avoiding the foreclosure sale. (Debtor's counsel, without citation to any legal authority, suggested that this court, on motion, could avoid the sale since it was "unfair" in light of the purported equity in the property.)

As discussed by the court at the hearing, imposition of an interim stay that will delay Creditor for several weeks in acting on its trustee's deed will be of little negative impact on Creditor. However, it may well be the difference between Debtor acting to enforce any rights Debtor may have and Debtor continuing in what appears to be a downward spiral of loss.

1       The court addressed with Debtor's counsel the need to present how the Debtor will be
2 prosecuting this case, including a Chapter 13 Plan, consistent with the Bankruptcy Code if the court
3 will further extend the stay. A bankruptcy case does not exist, and is not being properly prosecuted
4 if it exists merely to obtain a stay (which may not actually apply to Creditor) and not otherwise
5 diligently prosecute the case.

**November 26, 2018 Order &**
**Amended Order**

      After the November 20, 2018, hearing the court issued an Order granting the Motion on an interim basis, and imposed the stay effective through 11:59 p.m. on December 14, 2108 unless terminated by operation of law or further order of this court, or further extended by the court. Order, Dckt. 33. The court denied without prejudice the Debtor's request to set aside the trustee's sale. Order, Dckt. 33, 34. The court further continued the hearing on the Motion to December 4, 2018, and Ordered Debtor to file supplemental pleadings on or before December 30, 2018. *Id*.

      The court issued an Amended Order on November 28, 2018, revising the Order to require supplemental pleadings be filed on or before November 29, 2018. Order, Dckt. 34

**Applicable Law**

      When stay has not gone into effect pursuant to 11 U.S.C. § 362(c)(4), a party in interest may request within 30 days of filing that the stay take effect as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(4)(B).

      For purposes of subparagraph (B), a case is presumptively filed not in good faith as to all creditors if:

> (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;
>
> (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the

terms of a plan confirmed by the court; or

    (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; . . .

11 U.S.C. § 362(c)(4)(D).

In determining if good faith exists, the court considers the totality of the circumstances. *In re Elliot-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006); *see also* Laura B. Bartell, *Staying the Serial Filer - Interpreting the New Exploding Stay Provisions of § 362(c)(3) of the Bankruptcy Code*, 82 Am. Bankr. L.J. 201, 209–10 (2008). An important indicator of good faith is a realistic prospect of success in the second case, contrary to the failure of the first case. *See, e.g.*, *In re Jackola*, No. 11-01278, 2011 Bankr. LEXIS 2443, at *6 (Bankr. D. Haw. June 22, 2011) (citing *In re Elliott-Cook*, 357 B.R. 811, 815–16 (Bankr. N.D. Cal. 2006)). Courts consider many factors—including those used to determine good faith under §§ 1307(c) and 1325(a)—but the two basic issues to determine good faith under § 362(c)(3) are:

    A.    Why was the previous plan filed?

    B.    What has changed so that the present plan is likely to succeed?

*In re Elliot-Cook*, 357 B.R. at 814–15.

**Review of Supplemental Pleadings and Plan**

Supplemental Pleadings were filed by the Debtor on November 29, 2018. These Supplemental Pleadings are considered by the court in evaluating the extent to which Debtor has been able to rebut the presumption of bad faith in the filing of this third bankruptcy case in the past year. 11 U.S.C. § 362(C)(4)(b).

Debtor's Chapter 13 Plan has been filed, which terms are summarized as follows:

    A.    The Plan payments are one lump sum payment of $10,000.00 in month one of the Plan and then payments of $2,000.00 a month for each of the remaining fifty-nine months of the Plan.

    B.    For Class 1 Claims, no monthly payments will be made on the claim of Capital Mortgage and a $1,759.00 a month post-petition payment will be made on the Mortgage Lender Services' secured claim (for which there is no stated Class 1 arrearage to be cured).

5

C. There are no Class 2, 3, or 4 secured claims provided for in the Plan.

D. There are no Class 5, 6, or 7 priority, special treatment, or general unsecured claims to be paid for through the Plan.

E. There are no other provisions for payment of claims, providing adequate protection payments, or prosecuting claims and rights of the estate (including the alleged right to set aside a foreclosure sale).

Chapter 13 Plan, Dckt. 46.

An Amended Petition, Amended Schedules, and Amended Statement of Financial Affairs have been filed several times. Dckts. 47, 48. Included in the refilings is a "Chapter 13 Plan - Amended." Dckt. 48 at 1-8. The terms of the "Amended Plan" are the same as the above reviewed plan.

On November 29, 2018, the Debtor filed a pleading titled "Supplemental Motion to Continue the Automatic Stay." Dckt. 49. This appears to be a supplement to the existing motion now before the court to impose the stay - which has been imposed on an interim basis. The grounds advanced by Debtor in this Supplemental Pleading are:

A. Debtor's only creditor is BBV Profit Sharing Plan ("BBV"), the obligation of Debtor and her husband owing to BBV secured by the junior deed of trust on Debtor's residence.

B. Debtor is current on the payments due on the claim secured by the senior deed of trust on Debtor's residence.

C. Debtor has sufficient income to pay the obligation owed to BBV secured by the junior deed of trust through a Chapter 13 Plan.

D. The Amended Chapter 13 Plan provides for paying BBV $10,000.00 in the first month of the plan and then $2,000.00 a month for the remaining fifty-nine months of the Plan.

As noted in the summary above, no provision is made for paying BBV $10,000.00 in the first month and then $2,000.00 a month for fifty-nine months. The only provision is for paying Mortgage Lender Services $1,759.00 a month.

E. The Debtor is identified as working as a caregiver and is also the president of her own real estate company, Nako Investments.

F. The Supplemental Pleading then misstates the provisions of 11 U.S.C. § 362(c)(4)(A), asserting that it "limits the automatic stay to thirty days after the filing of the later case when the Debtor has filed two or more single or joint cases that have been dismissed without prejudice within the past year."

6

As discussed at the prior hearing, the provisions of 11 U.S.C. § 362(c)(c)(4)(A) state:

> (4) (A) (I) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), **the stay under subsection (a) shall not go into effect upon the filing of the later case**;

11 U.S.C. § 362(c)(4)(A) [emphasis added]. Contrary to what is stated in the Supplemental Pleadings, 11 U.S.C. § 362(c)(4)(A) provides that there in no automatic stay that goes into effect upon the filing of a bankruptcy case when two prior cases were pending and dismissed in the one year period preceding the filing of the then current case.

      G.       Debtor needs bankruptcy relief to pay the obligation to BBV because it came due in full in December 2017, and Debtor and her husband have been unsuccessful in negotiating with BBV to agree to extend the payment terms.

On the latest Amended Schedule I filed by Debtor (Dckt. 41 at 1-2) Debtor states that her income and her husband's income consists of the following:

      A.       Debtor's Gross Wage Income....................................$2,451.00

      B.       Debtor's Net Income From Her Business..................$7,653.13

      C.       Debtor's Husband's Wage Income............................$2,545.00

No provision made for any federal, state, or self-employment taxes is shown on Amended Schedule I.

On the Statement of Financial Affairs Debtor states that she has been operating her business, Nako Investment Corp., since June 2014. Statement of Financial Affairs Question 27, Dckt. 41 at 6. It is not clear if Debtors "business income" is in the form of wages, commissions, dividends, or profit distributions (if a Sub-Chapter S corporation).

While stating that Debtor has the business Nako Investment Corp. which is generating more that $85,000.00 a year in income for Debtor, she does not list the stock of Nako Investment Corp. as an asset on Schedule A/B. Schedule A/B Question 19, Dckt. 37 at 4.

On Amended Schedule J, *Id.* at 35-36, Debtor lists the reasonable and necessary expenses for a family unit of four persons: Debtor, Debtor's spouse, teenage son, and Debtor's mother (for whom no income or contribution is shown on Amended Schedule I). No provision is made on Schedule J for the payment of federal or state income or self-employment taxes. On Amended

7

Schedule J Debtor states that the family unit of four has no medical or dental expenses, and transportation expenses of $50.00 a month.

The court notes that in her prior bankruptcy case, Debtor stated under penalty of perjury that her monthly net business income was $3,000.00. 18-26000; Schedule I, Dckt. 1 at 28. That Schedule I was filed on September 24, 2018, two months before the Amended Schedule I in this case was filed.

**December 4, 2018 Hearing and Post-Hearing Review**

At the hearing on December 4, 2018 At the December 4, 2018 hearing on the Motion, Debtor's counsel offered little more than a discussion that Debtor's husband was interviewing attorneys, that they could proceed with litigation, and that all Debtor thought she would have to do is show the court that she was "prosecuting a plan." A proposed amended plan was filed on November 29, 2018, which treats BBV as a creditor in Class 1, makes no provision for paying the obligation secured by the senior deed of trust on the property that secured/secures the BBV obligation, and does not incorporate any active litigation to set aside the foreclosure sale.

Based on what was presented, the court concluded that the automatic stay would stay imposed for all creditors, except BBV.

After the hearing, the court further considered the proposition that the stay was terminated as of the dismissal of the case or was predicated on some other event. As set forth in 11 U.S.C. § 362(c)(1), which states (emphasis added):

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section–
>
> (1) the stay of an act **against property of the estate** under subsection (a) of this section **continues until such property is no longer property of the estate**;
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of–
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed; or [provision tied to entry of discharge in Chapter 7 case]

In considering the issue and cognizant of the direction from the U.S. Supreme Court in

8

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) putting responsibility for the trial court to "get the law right," the court conducted some additional legal research and drafting of an alternative ruling taking into account the provisions of 11 U.S.C. § 554 concerning abandonment of property of the bankruptcy estate. This took the form of drafting an alternative version of the decision. Though not intended to be issued, the court (judge) generated the incorrect ruling form which applied 11 U.S.C. § 554 to the prior dismissal of the bankruptcy case.

When a dismissal occurs, the provisions of 11 U.S.C. § 349 govern the property of the bankruptcy estate. When a bankruptcy case is dismissed:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title–
> . . .
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

BBV has argued that the post-petition foreclosure sale on November 9, 2018, was not in violation of the automatic stay, the Second Bankruptcy Case having been dismissed, and there being no automatic stay imposed in this case as of the November 9, 2018 foreclosure.[2]

Counsel for Debtor addressed the court at the hearing, advising the court that Debtor would be commencing the appropriate state court, district court, or adversary proceeding to assert Debtor's contention that the nonjudicial sale could be set aside or was not effective.

The court notes that on December 16, 2018, the Debtor and Debtor's counsel commenced Adversary Proceeding 18-2195 by filing a complaint in this court asserting various claims, including injunctive relief, quiet title, and wrongful foreclosure. 18-2195, Dckt. 1.

**Decision Imposing Stay For All Persons**
**and Purposes – Except for BBV Profit Sharing Plan**

As stated at the hearing, the court imposes the automatic stay for all persons and purposes, except for BBV Profit Sharing Plan, the foreclosing creditor and purchase of the Property at issue at the November 9, 2018 nonjudicial foreclosure sale. Debtor may proceed with her Chapter 13 Plan

---

[2] The court makes no ruling on the issues concerning the termination of the automatic stay, to the extent that any person believes contrary to the application of 11 U.S.C. § 349 when a case is dismissed as opposed to the application of 11 U.S.C. § 554.

and the litigation concerning the Property.

The court shall issue a separate order imposing the automatic stay in this case (making the prior interim order part of this final order) as set forth above - excluding BBV Profit Sharing Plan from the scope of said imposed stay.

This Decision constitutes the court's findings of fact and conclusions of law on this matter.

Dated: December 07, 2018

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

## Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| BBV Profit Sharing<br>c/o The Fuller Law Firm, P.C.<br>Joyce K. Lau<br>60 No. Keeble Ave.<br>San Jose, CA 95126 | |